UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 12-44862

VANILLA WOODWARD, LLC,  Chapter 11

           Debtor.  Judge Thomas J. Tucker
_____/

**OPINION REGARDING THE MOTIONS TO CONVERT
THIS CASE TO CHAPTER 7,
FILED BY THE UNITED STATES TRUSTEE
AND BY CAL LAND INVESTMENTS, LLC**

        This case came before the Court for a hearing on July 18, 2012, on two motions: (1) the United States Trustee's motion to convert this Chapter 11 case to Chapter 7 (Docket # 50); and (2) Cal Land Investment, LLC's motion to convert this Chapter 11 case to Chapter 7 (Docket # 51)(collectively the "Conversion Motions"). For the reasons stated in this opinion, the Court will grant the Motions, and will enter an order converting this case to Chapter 7, effective immediately.

        The Court has considered the written arguments of the parties, and the arguments made during the July 18 hearing. The Court has reviewed the entire record in this Chapter 11 case, including Debtor's schedules, Statement of Financial Affairs, and amended Statement of Financial Affairs; and including the proceedings held regarding the United States Trustee's first motion to convert filed in this case, which the Court denied on May 10, 2012 (*see* the Order at Docket # 46). The Court also reviewed the Debtor's combined plan and disclosure statement, and amended plan and disclosure statement, and the Court's orders regarding same (Docket ## 57-60). And the Court has reviewed the stipulated adequate protection order entered on April 10, 2012, in favor of Cal Land Investment, LLC (Docket # 39). Finally, the Court has also

reviewed the supplemental items that the Court required the parties to file after the July 18 hearing (Docket ## 67-69), and the Debtor's monthly operating reports filed after the July 18 hearing (Docket ## 70, 71).

The Court is very troubled by each of the following things, and even more so by the combination of all the following things: (1) the fact that it took three dates to be set for the first meeting of creditors (and two motions to convert by the United States Trustee) before Debtor's sole member, Hanna Karcho-Polselli, finally appeared and testified, on July 17, 2012;[1] (2) the striking lack of knowledge displayed by Ms. Karcho-Polselli about the Debtor's financial affairs at that first meeting of creditors, and her utter lack of preparation for that first meeting of creditors — the transcript of her testimony is replete with answers in the nature of "I don't know;" "I'm not sure;" "I don't recall;" and "I have to check the records;" "probably [this] and probably [that];" with very little definite, substantive information being provided;[2] (3) the Debtor's now-admitted failure to *timely* make the required monthly adequate protection payments that were due in June and July 2012 to Cal Land Investment, LLC, in violation of the

---

[1] The Court is surprised that this would occur in this case. Ms. Karcho-Polselli is no stranger to bankruptcy court. Two prior Chapter 11 cases that she caused her other entities to file were dismissed or converted by the undersigned judge in 2010, because Ms. Karcho-Polselli failed to appear for the first meeting of creditors. *See* Order, filed June 11, 2010 (Docket # 23) in *In re Alexander Property Investments, LLC*, Case No. 10-55071 (dismissal); Opinion (Docket # 56) and Order (Docket # 57), each filed June 23, 2010 in *In re Oakland Hills Land Development, LLC*, Case No. 10-56463 (conversion to Chapter 7).

[2] *See* Transcript, filed July 24, 2012 (Docket # 67). The transcript is filled with such answers to the questions put to Ms. Karcho-Polselli by the attorneys for the United States Trustee, Cal Land Investments, LLC, and Debtor's own counsel. At one point in the testimony, Ms. Karcho-Polselli was asked whether the Debtor drew from its line of credit with Hotel Mortgage Funding, an entity owned (at least in part) and managed by her husband, Remo Polselli, to pay real estate taxes on Debtor's building. Her initial answer was "I think so. I don't recall. No, no, I didn't." *Id.* at 22, lines 14-15.

2

12-44862-tjt    Doc 72    Filed 09/18/12    Entered 09/18/12 09:26:08    Page 2 of 4

Court's adequate protection order filed on April 10, 2012 (Docket # 39);[3] (4) Debtor's failure to make important and required disclosures in Debtor's Statement of Financial Affairs, followed by Debtor's failure to promptly amend that document when errors were brought to its attention;[4] and (5) Debtor's knowing failure to further amend its Statement of Financial Affairs, promptly or ever (as of this date), to correct a specific error brought to the attention of Debtor and Debtor's counsel, and Ms. Karcho-Polselli, during the July 17, 2012 first meeting of creditors.[5]

In addition to all of the above, the Court also notes the following: after the Debtor first filed its proposed Chapter 11 plan and disclosure statement in this case, on June 28, 2012

---

[3] The Debtor admitted after the July 18 hearing that it did not pay the monthly adequate protection payments (of $3,528.30 per month) for June and July 2012, until on or about July 26, 2012. *See* Affidavit of Remo Polselli (Docket # 69). Debtor has not alleged any valid excuse for this; rather, the excuse offered in the Remo Polselli affidavit appears to be, at best, inattention on the Debtor's part. *See id.* Under the stipulated adequate protection order, filed April 10, 2012 (Docket # 39 at 2-3), the monthly payments for June and July were due no later than June 17, 2012 and July 17, 2012, respectively.

[4] Debtor's original Statement of Financial Affairs, filed with the petition on February 29, 2012, stated, at Item 3(b), that Debtor had made no payment or other transfer to any creditor within 90 days immediately preceding the petition date. (Docket # 1 at pdf p. 17). It took Debtor almost five months to correct this, by filing an amended Statement of Financial Affairs on July 16, 2012 (Docket # 61), which disclosed that Debtor had paid the Oakland County Treasurer $31,992.23 on January 30, 2012. Under penalty of perjury, Ms. Karcho-Polselli verified the accuracy of both the original and the amended Statement of Financial Affairs. It is, at best, reckless for her to have not known that only one month before filing this bankruptcy case, the Debtor had paid such a large sum toward its property taxes (almost five times the Debtor's monthly income from its only tenant, $6,566.67). This is especially so given that as the Debtor's "managing (and only) member," Ms. Karcho-Polselli's job is to make sure that the Debtor's property taxes are paid. (*See, e.g.*, Transcript, Docket # 67, at 5, lines 12-16; 29, lines 22-25).

[5] Debtor's original Statement of Financial Affairs, and Debtor's July 16, 2012 amended Statement of Financial Affairs, both stated at Items 19(a) and 19(c) that it had no bookkeepers or accountants. This is incorrect, and when this was specifically discussed during the first meeting of creditors on July 17, 2012, in the presence of Ms. Karcho-Polselli, Debtor's counsel said that the Statement of Financial Affairs "needs to be amended to add the accountant." (*See* Transcript, Docket # 67, at 10-11.) This error was discussed during the July 18 hearing. But even now, almost two months later, and almost seven months after this case was filed, Debtor still has not amended the Statement of Financial Affairs to correct this error.

3

(Docket # 57), the Court entered an order on July 5, 2012, requiring Debtor to file an amended disclosure statement, no later than July 10, 2012, to correct sixteen specified problems. (Order, Docket # 58). Debtor filed an amended plan and disclosure statement on July 10, 2012 (Docket # 59). But the Court had to enter another order, this one on July 12, 2012, requiring Debtor to file yet another amended disclosure statement, because Debtor failed to do at least six of the sixteen things the Court had ordered Debtor to do in the July 5, 2012 Order. *See* Order, filed July 12, 2012 (Docket # 60). Thus, Debtor failed to comply with the Court's July 5, 2012 Order.

Based on all of the foregoing, the Court finds and concludes that there is cause to convert this case to Chapter 7, under each of the following statutory provisions: 11 U.S.C. §§ 1112(b)(1), 1112(b)(4)(B), 1112(b)(4)(E), and 1112(b)(4)(G). The Court further finds and concludes that this case should be converted to Chapter 7, and that conversion, rather than dismissal of the case, is in the best interests of creditors and the estate.[6]

For these reasons, the Court will enter an order converting this case to Chapter 7, effective immediately.

**Signed on September 18, 2012**                    **/s/ Thomas J. Tucker**
                                                    **Thomas J. Tucker**
                                                    **United States Bankruptcy Judge**

---

[6] The Court notes that during the July 18 hearing, Debtor's counsel indicated that if the Court decides to either convert or dismiss this case, as between these two choices, Debtor would ask for conversion of this case to Chapter 7, rather than dismissal.